

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00064-CV

Edmidia Violeta **REYES**,
Appellant

v.

**D'MARIA ADULT DAYCARE, LLC** and Maria E. Hernandez,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-21-368-A
Honorable Baldemar Garza, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: April 1, 2026

AFFIRMED

Edmidia Reyes purchased an adult day care business from Maria Hernandez and later sued Hernandez for breach of contract, fraud, and related torts, alleging Hernandez failed to transfer meaningful ownership and access to the business. Hernandez filed a no-evidence motion for summary judgment. Applying the sham affidavit rule, the trial court excluded Reyes's responsive affidavit and granted summary judgment, dismissing Reyes's claims. Because the trial court did

not abuse its discretion in excluding the affidavit and Reyes failed to raise a genuine issue of material fact on any of her claims, we affirm.

## BACKGROUND

On October 5, 2020, Reyes and Hernandez signed an agreement for the sale of D'Maria Adult Day Care, LLC, which operates a day activity and health services (DAHS) facility[1] located in Rio Grande City, Texas. Under the agreement, Reyes agreed to pay $180,000 in exchange for full ownership of the company—$90,000 at signing and the remaining balance at closing. By its terms, the agreement would close when the Health and Human Services Commission (HHSC) issues Reyes a license.

The parties agree that Reyes paid the initial $90,000. Beyond that point, however, their accounts diverge. Reyes contends that she was never provided "meaningful authority" over the business or access to its financial records and that Hernandez refused to cooperate with the licensing process. Hernandez, by contrast, asserts she immediately turned the business over to Reyes, left pre-signed checks and debit cards in the company's name for Reyes to use, provided "daily screen shots" of the bank account balances, and executed all documents Reyes requested her to sign. On May 28, 2021, Reyes's husband contacted Hernandez and informed her that they were "backing out" of the purchase. Reyes then fired the facility director, requiring Hernandez to leave her job in Austin and return to operate the business.

On August 17, 2021, Reyes filed suit alleging Hernandez breached the sale agreement by (1) refusing to transfer ownership, (2) refusing to give her access to funds, (3) failing to disclose

---

[1] DAHS facilities provide supervision for elderly people and individuals with disabilities "while enabling them to remain in a family environment and affording the family a measure of normality in its daily activities." TEX. HUM. RES. CODE § 103.001 (legislative purpose is "to prevent premature and inappropriate institutionalization"). The Health and Human Services Commission administers the licensing program for these facilities. *Id.* § 103.004–.006.

pending litigation and debts and overstating the number of clients, and (4) failing to cooperate in the ownership-transfer process. Reyes further alleged these same acts constituted fraud, negligence, negligent misrepresentation, conversion, and unjust enrichment. Hernandez answered, asserted a counterclaim for breach of contract, and filed a partial motion for summary judgment on each of Reyes's claims. The trial court granted Hernandez's motion and dismissed Reyes's claims. The parties then agreed to sever Hernandez's counterclaim into a separate cause number, rendering the partial summary judgment final. This appeal followed.

## DISCUSSION

We review summary judgment de novo. *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024). There are two types of summary judgment motions in Texas: traditional and no-evidence. *See* TEX. R. CIV. P. 166a.[2] In reviewing either type of motion, we view the evidence in the light most favorable to the nonmovant, credit favorable evidence if reasonable jurors could do so, and disregard contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a combined or "hybrid" motion, we generally address the no-evidence grounds first and then, if necessary, the traditional grounds. *Id*.

Before reaching the merits of the summary judgment, we first address Reyes's complaint that the trial court improperly excluded an affidavit attached to her summary-judgment response.

---

[2] The Texas Supreme Court recently rewrote Rule 166a. *See Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure*, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). These amendments apply only to motions for summary judgment filed on or after March 1, 2026. *Id*. The rewrite is not intended to substantively change the law, but the new rule has a different paragraph structure. Because all relevant motions and responses in this case were filed prior to March 1, 2026, all citations in this opinion are to the paragraph structure of the prior rule.

**1    Objection to Sham Affidavit**

We review a trial court's decision to exclude summary-judgment evidence for abuse of discretion. *Schumacher v. Trois*, 705 S.W.3d 854, 868 (Tex. App.—San Antonio 2024, pet. denied) (en banc). A court may disregard summary-judgment proof under the "sham affidavit" doctrine where an affidavit clearly contradicts prior sworn testimony on a material point and the affiant's explanation for the inconsistency is insufficient. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 85 (Tex. 2018); *E-Learning LLC v. AT & T Corp.*, 517 S.W.3d 849, 855 (Tex. App.–San Antonio 2017, no pet.).

Hernandez objected to Reyes's affidavit as a sham, arguing it materially conflicted with Reyes's prior deposition testimony. On appeal, Reyes argues there is no conflict. We agree with Hernandez.

In her deposition, Reyes repeatedly disclaimed personal knowledge on matters central to her suit against Hernandez—including disclosure of pending lawsuits and outstanding taxes, and misrepresentations about the number of clients—and instead deferred to her husband. Yet in her later affidavit, Reyes asserted personal knowledge of those same topics, and, without explanation, attested that Hernandez failed to disclose a lawsuit and unpaid taxes, misrepresented the number of clients, refused to assist with pandemic-relief applications, and had previously attempted to sell the business.

The affidavit also reversed Reyes's prior testimony about her control over company funds. At her deposition, Reyes testified that she had access to the business's debit cards, pre-signed checks, and daily screenshots of account balances, and that she paid herself wages from the company accounts. In her affidavit, however, she stated—again without explanation—that she had

no access to the accounts, that Hernandez never disclosed account balances, and that she was "practically" never paid for her work.

In light of these numerous, unexplained contradictions on core issues, the trial court could reasonably conclude that Reyes's affidavit was a sham and that it could not create a genuine fact issue on any element of her claims. Accordingly, the trial court did not abuse its discretion in excluding the affidavit. *Lujan*, 555 S.W.3d at 91; *E-Learning*, 517 S.W.3d at 855. We next consider whether the remaining summary-judgment evidence was sufficient to preclude a no-evidence summary judgment.

## 2    No-Evidence Summary Judgment

Hernandez moved for no-evidence summary judgment, specifically challenging every essential element of Reyes's claims for breach of contract, common-law fraud, conversion, negligence, negligent misrepresentation, and unjust enrichment.

A no-evidence motion permits a party to move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The nonmovant must then produce more than a scintilla of evidence to raise a fact issue as to each challenged element. *Lozada v. Posada*, 718 S.W.3d 262, 266 (Tex. 2025) (per curiam). "Less than a scintilla of evidence" exists when the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence" exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id*.

We review only the evidence attached to, or specifically incorporated by, Reyes's summary-judgment response. *State v. Three Thousand, Seven Hundred Seventy-Four Dollars &*

*Twenty-Eight Cents U.S. Currency ($3,774.28)*, 713 S.W.3d 381, 388–90 (Tex. 2025). Excluding the sham affidavit, Reyes attached the following to her summary-judgment response: the executed sale agreement; proof of the initial $90,000 payment; five pages from a deposition of Reyes's former attorney, Jay Pena; a certificate of amendment reflecting Reyes's 49% ownership interest in the business; an email from HHSC to Hernandez indicating approval of her DAHS license; and an affidavit concerning attorney's fees. We first address Reyes's breach of contract arguments and then turn to the remaining tort claims.

### 2.1 Breach of Contract

Reyes contends Hernandez breached the sale agreement by failing to transfer full ownership, retaining financial control of the business, and failing to disclose pending litigation.[3] To prevail on a breach-of-contract claim, a plaintiff must establish: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach. *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied).

Under the sale agreement, Reyes agreed to purchase a 100% interest in D'Maria Adult Day Care, LLC. The agreement assigns Reyes the obligation to prepare and submit the regulatory applications and provides that the agreement closes when HHSC issues Reyes a license. The agreement further provides that business profits are to be held in trust contingent on issuance of that license. Rather than apply for a license and seek a full transfer of ownership, Reyes's attorney, Jay Pena, asked Hernandez to transfer only a 49% interest in the business to avoid triggering a change-of-ownership event under HHSC's administrative regulations.

---

[3] Reyes concedes she produced no evidence supporting her third theory of breach—failure to disclose pending litigation.

This evidence shows it was the actions of Reyes's own attorney—not Hernandez—that resulted in Reyes acquiring less than a 100% ownership interest, and Reyes produced no evidence supporting her remaining breach theories. Accordingly, she failed to raise a genuine issue of material fact on whether Hernandez breached the sale agreement. *See King Ranch*, 118 S.W.3d at 751.

### 2.2   Remaining Tort Claims

Hernandez's no-evidence motion also challenged each element of Reyes's claims for common-law fraud, conversion, negligence, negligent misrepresentation, and unjust enrichment. In her summary-judgment response, Reyes relied on her affidavit to raise a fact issue on these claims.[4] Because we have held the trial court properly excluded that affidavit as a sham, no evidence remains to support any element of Reyes's tort claims.

### CONCLUSION

Reyes failed to produce summary-judgment evidence raising a genuine issue of material fact as to any challenged element of her claims. The trial court therefore properly granted Hernandez's no-evidence motion for summary judgment and dismissed Reyes's claims.[5] We affirm the trial court's judgment.

Velia J. Meza, Justice

---

[4] Reyes concedes she produced no specific evidence supporting any element of conversion in her summary-judgment response and instead asks that we review the record for "a plausible inference of wrongful control." Reyes cites to no authority for her request and we conclude the argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

[5] Because it would not affect the outcome of this appeal, we need not address the traditional grounds for summary judgment. *See* TEX. R. APP. P. 47.1.